

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

*See M-467*
*& art 6701d*
*See 27(a)*
*See 169*

Hon. H.A. Hodges
County Auditor
Williamson County
Georgetown, Texas

Dear Sir:

Opinion No. O-1510
Re: Does the commissioners' court have
the legal authority to enact a law
against speeding and the overload-
ing of trucks when traveling the
highways in the county and appoint
an officer to enforce same or make
arrests when violations occur?
(And related questions.)

Your request for our opinion on the questions as are
herein stated has been received by this department.

Your questions are as follows:

"1. Does the Commissioners Court have the legal
authority to enact a law against 'speeding' and the over-
loading of trucks when traveling the highways in the
County and appoint an officer to enforce same, or make
arrests when violations occur?

"2. Does the law permit the Commissioners Court
to appoint an officer to operate under Article 827-A, P.C.;
and the sections in connection with this article?

"3. Does the City Council have the legal author-
ity to enact an ordinance and make appointments as set out in
my questions No's. 1 and 2?"

Section 1 of Article 3 of the State Constitution reads as
follows:

"The legislative power of this state shall be
vested in a senate and house of representatives, which
together shall be styled the Legislature of the State of
Texas."

The above quoted section of the Constitution vests in the
Legislature all legislative powers which the people possess unless limited
by some other provision of the instrument. See the cases of Brown vs.
City of Galveston, 55 S.W. 488; Interstate Forwarding Co. vs. Vineyard,
8 S.W. (2d) 947; and Bowie Sewerage Co. vs. Bowie Independent School
District, 63 S.W. (2d) 1088.

We quote from Texas Jurisprudence, Volume 11, page 564, as follows:

"Commissioners courts are courts of limited jurisdiction, in that their authority extends only to matters pertaining to the general welfare of their respective counties, and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State."

Article 2351, Vernon's Civil Statutes, setting forth the powers and duties of the commissioners courts, does not authorize such court to enact laws.

Therefore, you are respectfully advised that it is the opinion of this department that the Commissioners Court does not have the power or legal authority to enact a law against speeding and the overloading of trucks when traveling the highways in the county and appoint an officer to enforce such laws, or make arrests when violations occur.

Regarding your second question, we quote Article 6699 of Vernon's Civil Statutes:

"The commissioners' court of each county, acting in conjunction with the sheriff, may employ not more than two (2) regular deputies, nor more than two (2) additional deputies for special emergency to aid said regular deputies, to be known as county traffic officers to enforce the highway laws of this State regulating the use of the public highways by motor vehicles. Said deputies shall be, whenever practicable, motorcycle riders, and shall be assigned to work under the direction of the sheriff. They shall give bond and take oath of office as other deputies. They may be dismissed from service on request of the sheriff whenever approved by the commissioners court, or by said court on its own initiative, whenever their services are no longer needed or have not been satisfactory. The commissioners court shall fix their compensation prior to their selection, and may provide at the expense of the county, necessary equipment for said officers. The pay of said deputies shall not be included in the settlement of the sheriff in accounting for fees of office. For the purpose of this law, the commissioners court of counties whose funds from the motor registration fees provided herein amount to Thirty Thousand Dollars ($30,000.00) or over, may use not exceeding five (5%) per cent of said funds; and not to exceed seven and one-half (7½%) per cent of such funds in counties receiving a lesser amount from such registration. Said deputies shall at all times cooperate with the police department of each city or town within the county, in the enforcement of said traffic laws therein and all other parts of the county, and shall have the same right and duty to arrest violators of all laws as other deputy sheriffs have."

The courts of this State have held that Section 6 of Article 827a, Vernon's Penal Code, conferring authority upon license and weight inspectors of the State Highway Department to require drivers and operators of motor vehicles to have their trucks and contents weighed, does not confer any such authority upon constables and other peace officers of the State, ie., deputy sheriff, sheriff, county highway officer, deputy constable and county attorney.  See the cases of Head vs  State, 96 S.W. (2d) 981, and DeShong Motor Freight Lines, Inc. vs. Hopkins et al, 99 S.W. (2d) 1033.

In view of the above holding, the power given county traffic officers in Article 6699, Vernon's Annotated Civil Statutes, as amended, to enforce the highway laws of this State regulating the use of public Highways by motor vehicles, cannot be extended to include the authority to weigh loaded vehicles when they have reason to believe that the gross weight of such vehicles is unlawful.  In our Opinion No. O-757, written by Hon. Dick Stout, Assistant Attorney General, this department held that a county traffic officer, employed under Article 6699, Vernon's Civil Statutes, does not possess the legal right to weigh trucks for purposes of ascertaining whether they are loaded in excess of 7,000 pounds in violation of Article 827a, Vernon's Annotated Penal Code.

You are respectfully advised that the Commissioners Court may appoint county traffic officers under Article 6699, Vernon's Civil Statutes, but such traffic officers have no authority to weigh trucks or other motor vehicles.

Your third question, regarding the authority of a city council to enact an ordinance and make appointments, as set out in your questions numbered 1 and 2, does not relate to the official duties of any county official.  Therefore, it is unnecessary to answer your third question.

Trusting that the foregoing fully answers your inquiry, we remain

                            Yours very truly

                            ATTORNEY GENERAL OF TEXAS

                            By s/ Ardell Williams
                                Ardell Williams
                                Assistant

AW:pbp:wc

APPROVED OCT 13, 1939
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved  Opinion Committee By s/BWB Chairman